REQUESTED BY: Dear Senator Hoagland:
You have raised a number of questions concerning the Legislature's power to obtain documents through the issuance of subpoenas and the potential liability of individual members of a committee issuing such a subpoena and the potential liability of persons complying with such an order.
Your first and most basic question was whether or not the Legislature had the power to subpoena. Although there is no express statutory authority directly granting legislative committees the power to issue subpoenas requiring the appearance of witnesses and the production of documents, there are a number of statutes and cases from which this power may be implied.
Section 50-105, R.R.S. 1943, provides in part that:
 "The Legislature has power and authority to punish as a contempt by fine or imprisonment, or either of them the offense . . . of disorderly or contemptuous conduct tending to disturb its proceedings; or refusing to attend or to be sworn or to be examined as a witness before the Legislature or a committee, when duly summoned. . ."
On the basis of the language contained in this section, it may reasonably be inferred that the Legislature has the power to issue subpoenas requiring the appearance of witnesses. It should be noted, however, that section 50-105
does not contain any reference to the power of the Legislature to compel the production of documents. The inference that this section grants a legislative power of subpoena is therefore less clear when documents are at issue.
In addition, section 50-406, R.R.S. 1943, provides in pertinent part that:
 "In the discharge of any duty herein imposed the [legislative] council, or any committee thereof, shall have authority to administer oaths, issue subpoenas upon approval of a majority of the council or committee, compel the attendance of witnesses, and the production of any papers, books, accounts, documents, and testimony. . ."
Although the language of this section limits the subpoena power to the legislative council and any committee thereof (whose function is to consider legislative policies between sessions of the Legislature), it was invoked as a basis for subpoenas issued by the judiciary committee in investigating the operations of the Criminal and Drug Divisions of the Nebraska State Patrol. Whether section 50-406 was properly asserted as a basis for those subpoenas was never subsequently challenged and there was, therefore, no judicial decision on the validity of that action. Whether section50-406 authorizes the issuance of subpoenas by the Legislature during regular session remains an open question.
A third possible basis for the issuance of subpoenas may be found in the inherent powers of the Legislature and committees thereof. It has been said that the inherent and auxiliary power reposed in legislative bodies to conduct investigations in aid of prospective legislation carries with it the power, in proper cases, to require and compel the attendance of witnesses and the production of books and papers by means of legal process, and to institute contempt proceedings in order to compel the attendance of such witnesses and the production of such documentary evidence as may be legally called for in the course of such proceedings, whether conducted by the legislative body or by a branch thereof, directly or through properly constituted committees.See, e.g., Ex Parte Battelle, 207 Cal. 227,277 P. 725 (1929). The power to issue subpoenas may thus be viewed as a necessary and essential corollary to the inherent power of the Legislature to investigate.
You have inquired as to what documents may be subpoenaed. It has often been said that if the subject of investigation is within the range of legitimate legislative inquiry and the questions are pertinent thereto and do not call for privileged matter (the issue of attorney-client privilege will be discussed, infra,), the Legislature may subpoena witnesses and documents necessary for that particular investigation. The right to compel a witness to produce documents before a legislative committee turns on whether their production is necessary to the inquiry which it is conducting. Uphaus v. Wyman, 360 U.S. 72 (1959). While the production of papers material to any inquiry may not be refused merely because they are private, when it appears that the legislative committee in issuing a subpoena is attempting to embark on a `fishing expedition,' it will be declared void. In re Hague, 104 N.J.Eq. 31,144 A. 546 (1929); In re Barnes, 204 N.Y. 108, 97 N.E. 508
(1912).
In determining whether a subpoena duces tecum issued by a legislative committee is too broad, the test is not whether the papers and documents are private personal records, but rather whether the records are within the scope of inquiry and investigation. See, e.g., ASP, Inc. v. CapitolBank Trust Co., 174 So.2d 809 (La. 1965). If the requested documents fall within the scope of the legislative inquiry, the subpoena must describe the documents desired with reasonable certainty and sufficient definiteness to enable the witness to identify them.
In the specific factual situation from which your inquiry arises there is some question as to whether or not the document in which you are interested is covered by an attorney-client privilege. Apparently the document is part of the work product of an attorney who was involved in a particular investigation. It would appear to us from the information furnished that the document in which you are interested is covered by an attorney-client privilege.
The question then follows whether or not the attorney in whose possession this document is can waive the attorney-client privilege.
As a general rule, it is well-recognized and universally accepted that an attorney may not, without the consent of the client, divulge information covered by the attorney-client privilege. See Jahnke v. State, 68 Neb. 154,94 N.W. 158 (1903); Spaulding v. State, 61 Neb. 289,85 N.W. 80 (1901). Even though the attorney may be willing to turn over the document to the legislative committee, he may not do so without the permission of his client.
The only other alternative is for the client to agree to turn over the document prepared by its attorney, thereby waiving the privilege that otherwise prevents disclosure. Whether the client will be willing to do so is obviously a question that cannot be answered herein, but rather depends upon the nature, scope, and time of the request by the legislative committee.
You have further inquired if the Legislature has the power to subpoena this particular document and the client elects not to waive the attorney-client privilege, does the legislative power to subpoena override the privilege.
Whether the legislative power of subpoena overrides a claim of privileged communication will be the pivotal consideration in determining whether either the attorney or the individual members of the Legislature are to be held liable in the event a suit for damages is brought. There is authority, albeit sparse, for the proposition that the client cannot avail himself of the privilege to shield himself from a disclosure of facts which are a legitimate subject of inquiry.See, e.g., Grand Lake Drive Inn, Inc., v. SuperiorCourt, 3 Cal.Rptr. 621 (1960) (knowledge which is not otherwise privileged does not become so merely by being communicated to an attorney). Brown v. Superior Court,32 Cal. Rptr. 527 (1963) (individual who is aware of material facts cannot, simply by repeating them to his attorney, prevent his adversary from questioning him as to those facts before or at trial). In addition, it has been held that a statutory prohibition of a disclosure by an attorney of a confidential communication of his client is not intended to prohibit the disclosure of a communication as far as such communication is necessary to enable a public officer to act in his official capacity. People v. Farmer, 194 N.Y.87 N.E. 457 (1909) (statutory privilege may not be invoked to cover a transaction which is in itself a crime).
Notwithstanding these two lines of cases, there is very little well-developed authority for the proposition that the legislative power to subpoena overrides such a claim of privilege.
You also then ask if the legislative power to subpoena overrides the claim of privilege can individual legislators be held liable in a subsequent action for damages brought by any party.
In answering this question, there are three recent Supreme Court cases which must be considered. In Eastland v.U.S.S.F., 421 U.S. 491 (1975), the Supreme Court held that members of Congress are immune from inquiry into their issuance of subpoenas pursuant to a legitimate committee investigation. The second and third cases, Doe v. McMillan,412 U.S. 306 (1973) and Gravel v. U.S., 408 U.S. 606
(1972), stand for the proposition that members of Congress are not immune from judicial inquiry into their public distribution of materials gathered by committees. Read together, the three cases seem to suggest that information gathered pursuant to a properly issued subpoena will not be the subject of judicial inquiry (and presumably legislative liability) unless it is improperly distributed to the public. This approach is consistent with the view that a claim of privilege should be overridden only when necessary to the proper legislative investigation of a particular subject, and then only to the extent necessary to facilitate that investigation.
See also, Tenney v. Brandhove, 341 U.S. 367 (1951), holding that `the Civil Rights statutes were not intended to make legislators personally liable for damages to a witness injured by a committee exercising legislative power. . .'Id. at 379. [cited in Green v. DeCamp, CV78-L-167 (1978)].
Assuming, therefore, that the legislative power to subpoena prevails over a claim of privilege, there thus appears to be no basis for a suit against individual legislators who issued the subpoena.
Finally you ask if the legislative power to subpoena overrides the claim of privilege can the attorney be held liable in a subsequent action for damages brought by his client. While we are not certain as to the appropriateness of our advice in this regard, there appears to be no basis for holding an attorney who acts pursuant to a legitimate exercise of legislative authority liable for damages in an action brought by his client. Whether his defense be legal necessity or otherwise if the actions of the legislative body are taken pursuant to a valid legislative power, the client's forum for challenging the action is in a suit challenging either the legislative power to subpoena the documents in the first instance or in a claim that this power does not override the protections of the attorney-client privilege.
We hope this helps answer your inquiries in this regard and we would be most willing to visit with you further about any of your specific concerns which may arise during this legislative inquiry.